**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

ROBOTIC HAIR ASSOCIATES, INC.,

                    Plaintiff,

v.                                                                                    Case No. 17-1083-JTM

VICKI CARTER,

                    Defendant.

## AGREED PROTECTIVE ORDER

The parties agree that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of this proposed Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The Court finds that certain information, documents, and things to be produced in discovery in this litigation should be kept confidential in order to protect the parties' legitimate business interests and the privacy rights of plaintiff and defendant. Further, the Court finds that such information, documents and things are likely to include defendant's personnel, income, and tax information, and information regarding defendant's proprietary and trade secret information, its procedures and policies, financial information, and client information, and confidential information regarding non-

party employees and contractors of plaintiff. Because the public disclosure of such information, documents and things might cause discomfiture to the parties and to interested third parties, the Court finds that "good cause" – pursuant to Fed. R. Civ. P. 26(c) – has been established and the following Protective Order should be entered pursuant to the Health Insurance Portability and Accountability Act of 1996 ('HIPAA"), Rule 26(c) of the Fed. R. Civ. P. and 45 C.F.R. § 164.512(e)(1):

**ORDERED, ADJUDGED AND DECREED THAT:**

**1.** **Scope.** All documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), are subject to this Order concerning Confidential Information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

**2.** **Definition of Confidential Information.** As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute or could potentially cause harm to the interests of disclosing party or nonparties. For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents:

a. "Confidential Information" shall mean any personnel, financial, proprietary, trade secret, client information, and other business record, as defined

2

herein, of plaintiff or defendant. "Business record" shall include any of defendant's income and tax information, personnel documents pertaining to defendant or plaintiff's employees or contractors, or other material relating to proprietary information which has been designated as "confidential" by plaintiff or defendant or their attorneys, whether such disclosure be made voluntarily, informally or pursuant to formal discovery procedures. The designation may be made in writing or on the record such as at a deposition or hearing. Information or documents that are available to the public may not be designated as Confidential Information.

3. **Form and Timing of Designation.** The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time of the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated

document as confidential, the designating attorney or party appearing *pro se* thereby certifies that the document contains Confidential Information as defined in this Order.

**4.     Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within thirty (30) days after discovery of the inadvertent failure.

**5.     Depositions**. Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within a reasonable time period after receipt of the deposition transcript.  Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

**6.     Protection of Confidential Material.**

**(a)     General Protections.**  Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals.

**(b)     Who May View Designated Confidential Information.**  Except with the prior written consent of the designating party or prior order of the court, designated Confidential Information may only be disclosed to the following persons:

(1)    the parties to this litigation;

(2)    counsel of record for the parties to this litigation, including office associates, paralegals, stenographic and clerical employees who have signed the Confidentiality Agreement;

(3)    experts consulted for the purpose of this litigation who have signed the Confidentiality Agreement;

(4)     experts retained for the purpose of this litigation who have signed the Confidentiality Agreement;

(5)     court personnel, including stenographic reporters and videographers engaged in such proceedings as are necessarily incident to this litigation, and members of the jury;

(6)     any mediator appointed by the Court or jointly selected by the parties;

(7)     Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A;

(8)     The author or recipient of the document (not including a person who received the document in the course of the litigation);

(9)     Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation;

(10)    Other persons only upon consent of the producing party and on such conditions as the parties may agree; and

(11)    Deposition witnesses.

**(c)     Control of Documents**.  The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order.  Counsel for the parties must maintain a record of those persons, including employees of counsel, who

5

have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

      **7.**    **Filing of Confidential Information**.  In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the court, that party must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.6.  Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal.  The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion.  If the motion is granted and the requesting party permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents.  Pro hac vice attorneys must obtain sealed documents from local counsel.

      **8.**    **Challenges to a Confidential Designation.**  The designation of any material or document as Confidential Information is subject to challenge by any party. Before filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention.  A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis

for the challenge. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

**9.    Use of Confidential Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information. The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

**10.    Obligations on Conclusion of Litigation.**

**(a)    Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

**(b)    Return of Confidential Documents.** Within forty-five (45) days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the party who previously produced the document unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the document to the extent practicable in lieu of return;[1]  or (3) as to documents bearing the notations,

---

1 The parties may choose to agree that the receiving party must destroy documents containing Confidential Information and certify the fact of destruction, and that the receiving party must not be

summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

**(c)** **Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

**11.** **Order Subject to Modification**. This Order is subject to modification by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

**12.** **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

---

required to locate, isolate and return e-mails (including attachments to e-mails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts or final expert reports.

**13.     Persons Bound by Protective Order.**  This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**14.     Jurisdiction.**  The court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case.  But a party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

**15.     Applicability to Parties Later Joined.**  If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file with the court their written agreement to be bound by the provisions of this Order.

**16.     Protections Extended to Third-Party's Confidential Information.** The parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

**17.     Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**  If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving

9

party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information by the other party to this case.

**18.     Inadvertent Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.** The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney client privilege or work product protection, including, but not limited, to information or documents that may be considered Confidential Information under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within fourteen days, regardless of whether the receiving party agrees with the claim of

privilege and/or work product protection. Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order. The provisions of this section constitute an order pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence.

**19. HIPAA Provisions.**

**(a)** The parties in this case and their attorneys are hereby authorized to receive, subpoena and transmit "protected health information" pertaining to patients of any party in this case to the extent and subject to the conditions outlined herein.

**(b)** For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

**(c)** All "covered entities" (as defined by 45 C.F.R. § 160.103) are hereby authorized to disclose protected health information pertaining to patients of any party to attorneys representing the Plaintiff and Defendant in the above-captioned litigation.

**(d)** The parties and their attorneys shall be permitted to use or disclose the protected health information for purposes of prosecuting or defending this action including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy

11

services, trial consultants, and other entities or persons involved in the litigation process.

**(e)** Prior to disclosing protected health information to persons involved in this litigation, counsel shall inform each such person that protected health information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving protected health information do not use or disclose such information for any purpose other than this litigation.

**(f)** This Order does not control or limit the use of protected health information pertaining to any patient that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

**(g)** Nothing in this Order authorizes the parties in this case or their counsel to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

**IT IS SO ORDERED.**


Dated:  July 24, 2017


                             s/ James P. O'Hara  
                             Hon. James P. O'Hara  
                             U.S. Magistrate Judge

SUBMITTED and APPROVED by:

s/ Terry L. Mann
Terry L. Mann (12840)
Ashlyn B. Lindskog (26838)
MARTIN, PRINGLE, OLIVER,
WALLACE & BAUER, L.L.P.
100 N. Broadway, Suite 500
Wichita, KS 67202
(316) 265-9311 (office)
(316) 265-2955 (fax)
*tlmann@martinpringle.com*
*ablindskog@martinpringle.com*

*Attorneys for Plaintiff*


s/ Michael Haeberle
Thomas Patterson
Jeffrey Katz
Michael Haeberle
PATTERSON LAW FIRM
One North LaSalle Street, Suite 2100
Chicago, IL 60602
312-223-2699 (office)
312-223-8549 (fax)
*tpatterson@pattersonlawfirm.com*
*jkatz@pattersonlawfirm.com*
*mhaeberle@pattersonlawfirm.com*

s/ Lee Thompson
Lee Thompson
THOMPSON LAW FIRM, LLC
106 E. 2nd Street
Wichita, KS 67202
316-267-3933 (office)
316-267-3901 (fax)
*lthompson@tslawfirm.com*

*Attorneys for Defendant*

13

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

ROBOTIC HAIR ASSOCIATES, INC.,

                      Plaintiff,

v.                                               Case No. 17-1083-JTM

VICKI CARTER,

                      Defendant.

## **CONFIDENTIALITY AGREEMENT**

The undersigned hereby states as follows:

1.    I have received a copy of and have read the Protective Order entered by the Court in the above-captioned case.

2.    I understand that material I am reviewing or otherwise have access to is included within the definition of Confidential Information in that Protective Order.

3.    I agree that I will abide by the terms of the Protective Order entered by the Court, in all respects.

Name: _____
Date: _____

14